**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT E. GOODSON,

        Plaintiff - Appellant,

    v.

NATIONAL ASSOCIATION OF
LETTER CARRIERS, AFL-CIO;
NATIONAL ASSOCIATION OF
LETTER CARRIERS LOCAL
BRANCH 5996; JEFFREY
HARTMAN; JOHN FECHISIN;
RUSSELL SHAMAH; GIL BARELA;
and TIMOTHY MURPHY,

        Defendants - Appellees.

No. 07-1187

(D. Colorado)

(D.C. No. 03-cv-1184-JLK-MEH)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Robert E. Goodson, an African-American letter carrier employed by the United States Postal Service ("USPS"), appeals the grant of summary judgment entered for defendants, National Association of Letter Carriers, AFL-CIO ("NALC"), the NALC-affiliated local union, NALC Branch 5996, and present or former Branch 5996 union representatives, in this case alleging violations of 42 U.S.C. § 1981 and the duty of fair representation implied by federal labor law.[1] We affirm.

Goodson filed this action in June 2003, alleging that Branch 5996 discriminated against him on the basis of his race in its handling of two grievances filed on his behalf that were ultimately settled favorably to him in July and September 2000.  Specifically, he alleged that the defendants had violated his rights protected by 42 U.S.C. § 1981 by failing to enforce his collective bargaining agreement with the USPS and that NALC, Branch 5996, and the defendant representatives violated their duties of fair representation under the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-169.  The grievances, respectively, related to a directive that Goodson not sit on a stool while "casing" (i.e., sorting) his mail; and a letter that had been placed in his personnel file

_____

[1]While Goodson was represented by counsel before the district court, he proceeds on appeal *pro se*.

alleging that he was absent from work without authorization. Nothing adverse resulted from either of the matters in question. Goodson continued to use a stool while casing his mail and was not disciplined for it. After the grievance process was completed, the letter was removed from his personnel file without any adverse consequences in the interim.

Following written discovery, defendants moved for judgment on the pleadings. Applying the "exceedingly liberal standard of review" applicable to Rule 12 motions to dismiss, and calling the case a "close call" on whether to dismiss under Rule 12, the district court permitted the case to proceed. Order at 2, 4, 12, R. Vol. I, tab 31. Goodson filed an amended complaint, discovery resumed, and defendants filed a motion for summary judgment. The district court granted defendants' motion, concluding that the record as a whole demonstrated that no genuine issues of material fact remained and that defendants were entitled to prevail on the merits as a matter of law.

We have considered the entire record, along with Goodson's briefs on appeal, and conclude that the district court did not err.[2] Accordingly, for

---

[2]In <u>Sprint/United Management Co. v. Mendelsohn</u>, ___ S. Ct. ___, 2008 WL 495370 (2008), the Supreme Court recently decided that "me too" evidence was admissible in certain instances. Although Goodson presented statements from other employees, it was not the kind of evidence contemplated in <u>Mendelsohn</u>, and that case accordingly does not affect our disposition in this case.

substantially the reasons set forth in its lengthy and thorough opinion, we

AFFIRM the district court's grant of summary judgment to defendants.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge